IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:09-cr-117 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION FOR REVOCATION OF |
| | ) | RELEASE ORDER |
| SCOTT RYAN DEMUTH, | ) | |
| | ) | |
| Defendant. | ) | |

The United States Attorney for the Southern District of Iowa, by and through Assistant United States Attorney Clifford R. Cronk III requests that the District Court, pursuant to Title 18, United States Code, Section 3145(a)(1), and Local Rule of Criminal Procedure 5, revoke the Order of release of the defendant and order the defendant confined pending disposition of this case.  As grounds for this motion the undersigned states the following:

1.  On November 14, 2009, at least four individuals were able to gain access to secure areas of the Spence Laboratories illegally and destroy computers, research and other facilities.  The perpetrators used stolen "marlock" electronic security cards to enter secure areas of the laboratories.  Once they had gained access, they stole more than 300 research animals and obliterated years of scientific research causing several hundred thousand dollars worth of damage. Shortly after the incident, through an email, the Animal Liberation Front claimed responsibility for the break-in and made threatening comments to university researchers.

2. On November 18, 2009, the grand jury returned an indictment against the defendant charging him with conspiracy to commit animal enterprise terrorism in violation of 18 U.S.C. § 43, in connection with the incident at the University of Iowa. This offense is a crime of violence. Therefore, pursuant to 18 U.S.C. § 3142, there exists a rebuttable presumption that the defendant poses a danger to the community and a risk of non-appearance.

3. A detention hearing was held on November 20, 2009. At that hearing, Special Agent Tom Reinwart described the incident and the Animal Liberation Front. (ALF) According to Special Agent Reinwart, persons associated with the ALF movement will work together to satisfy their violent agenda and will assist one another in avoiding detection, apprehension, and prosecution. The investigation of DeMuth revealed that he is an anarchist who has been engaging in illegal anti-government activities. In 2008, a search was conducted of his residence in Minnesota in the course of a separate investigation into the activities of the Republican National Convention Welcoming Committee (RNCWC). The RNCWC planned to, and did, disrupt the convention held in Minnesota during the 2008 presidential campaigns. Evidence was recovered during that search that demonstrated that Defendant is an anarchist. He is a part of the movement identified as the Animal Liberation Front, and has expressed a willingness to go "underground." Defendant has exhibited a close relationship with Peter Young, an outspoken and subversive animal rights activist who has been prosecuted for ALF activities and, after being indicted for animal enterprise terrorism, was a fugitive from

justice for several years. Additional evidence established that, recently, when subpoenaed to testify before the grand jury under a grant of immunity, Defendant participated in an anti-government demonstration in front of the courthouse and then, consistent with his anti-government declarations, defied an order of this Court to provide information and evidence to the federal grand jury.

    4. At the detention hearing, the defendant offered no rebuttal evidence to the government's evidence. For instance, the defendant did not deny that he is an anarchist. He did not deny involvement with ALF. He did not assure the court personally that he would abide by conditions of release. Instead, the defendant proffered that there were individuals present in the court who supported the defendant and that the conditions listed in the Pre-trial Services Report were sufficient to protect the government's interests. The government responded that earlier in the week, a call-in campaign was launched to pressure the United States Attorney's Office to release Defendant and his former girlfriend, Carrie Feldman, from their grand jury subpoenas. These calls came from all over the country. Two of the individuals identified by counsel as being present in the courtroom had called the United States Attorney's Office in support of the defendant and suggested to the United States Attorney's Office that it should release the defendant from his obligation to appear before the grand jury based upon their belief that the use of the grand jury was abusive and unconstitutional.

**Authorities and Argument**

Under the Bail Reform Act of 1984, the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." *See* 18 U.S.C. § 3142(b), (c), (e). In making this determination, the court must consider the factors found in 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Bail Reform Act, specifically 18 U.S.C. § 3142(f)(1), recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding that the crime charged in the present case is "a crime of violence." The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*United States v. Stricklin,* 932 F.2d 1353, 1354-44 (10th Cir. 1991) (citations omitted). Thus the mere production of evidence may not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by

Congress that persons who engage in violence pose a special risk of flight and dangerousness to society." The defendant's initial burden of production is to offer some credible evidence contrary to the statutory presumption. Thus, to rebut this presumption, a defendant must come forward with some credible evidence of something specific about his charged criminal conduct or about his individual circumstances that tends to show that "what is true in general is not true in the particular case." *United States v. Hare,* 837 F.2d 796, 798-99 (5th Cir.1989) (footnote omitted).

If a magistrate judge orders a person released, the "attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" The Court reviews the Magistrate Judge's order *de novo.* 18 U.S.C. § 3145(a)(1); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (discussing 18 U.S.C. § 3145(b)); *see also, United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985).

In *Maull*, the Circuit Court stated: "Sections 3145(a) and (b) underscore the importance of the judge having original jurisdiction over the offense. . . . In vesting decision-making authority in magistrates under the Federal Magistrate's Act, 28 U.S.C. § 636, Congress was sensitive to Article III values. It emphasized that "the magistrate acts subsidiary to and only in aid of the district court," and that "the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980) .

According to the messages left at the scene of the incident at the University of Iowa, and a later communique', the Animal Liberation Front claimed responsibility for the damage and destruction at the University of Iowa. Defendant's writings, literature, and conduct suggest that he is an anarchist and associated with the ALF movement. Therefore, he is a domestic terrorist.  As such, he poses a serious of risk of danger to those he opposes and to law enforcement as well as a risk of flight to avoid prosecution.

A *denovo* review of the evidence supports detention.  The combination of conditions of the release ordered by the magistrate do not address Defendant's inclination and ability to engage in similar anti-government activities or to go "underground" and avoid prosecution.  His close associates have expressed an inclination to assist him to avoid responsibility here.  An underground network assisted a close associate of his avoid apprehension for at least six years. Global positioning systems don't work on those who are inclined to flee; they are not monitored 24 hours a day.  Anarchists are not beholding to judges and government authority figures. Defendant has demonstrated he is not willing to abide by government mandates. Nothing presented by the Defendant  rebutted the evidence on this score.

WHEREFORE the government respectfully that this Court issue an Order staying the release of the defendant from custody of the United States Marshals Service.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney


By: /s/
Clifford R. Cronk III
Assistant U. S. Attorney
131 East 4th Street, Suite 310
Davenport, IA 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record and *pro se* parties by electronic service by filing this document with the Clerk of Court using the ECF system on November 25, 2009, which will send notification to:

James B. Clements


/s/ Clifford R. Cronk III
United States Attorney's Office
Southern District of Iowa