IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-0117-JAJ |
| | ) | |
| SCOTT RYAN DEMUTH | ) | MOTION TO SUPPRESS MYSPACE |
| | ) | MESSAGES SUBPOENAED BY |
| Defendant. | ) | PROSECUTION |

Now comes the defendant, Scott DeMuth by his undersigned counsel and respectfully requests that this Court suppress and prohibit the introduction at trial of any MySpace messages made or received by Scott DeMuth from or to his MySpace account. In support of this motion the defendant states the following:

1. In October or November of 2009, the Assistant United States Attorney had the Grand Jury subpoena the MySpace accounts of Scott DeMuth. Since the prosecution has declined to provide the defense with a copy of the actual subpoena, the defense does not know the exact date the subpoena was issued.

2. In response to this subpoena, the MySpace legal compliance officer provided to the prosecution private and personal messages sent or received by Mr. DeMuth.

3. The prosecution request was not limited to specific messages which were relevant to the Grand Jury investigation or evidence of criminal conduct. Rather, the government sought and received every message sent by and received by Mr. DeMuth.

1

4. Mr. DeMuth did not give permission to the government to view his private MySpace messages, nor did any of the other persons who either sent or received messages from him provide permission to the government to seize such messages. Rather, the government, using the power of the Grand Jury subpoena, demanded that MySpace provide to the government all the MySpace messages.

5. Mr. DeMuth had a reasonable expectation of privacy in the messages he sent and received via his MySpace account. See, *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 905 (9th Cir. 2008) (Text message users "do have a reasonable expectation of privacy on the content of their test messages vis-à-vis the service provider.")

6. In violation of the Fourth Amendment, the Grand Jury subpoena failed to particularize what messages should be seized. The Fourth Amendment requires that a warrant "particularly describe the . . . things to be seized," in order to prevent general searches and leave nothing to the discretion of the officer executing the warrant. See, *Sandford v. Texas*, 379 U.S. 476, 485 (1965); see also, *Andresen v. Maryland*, 427 U.S. 463, 480 (1976); *United States v. Clark*, 531 F.2d 929, 931 (8th Cir. 1976).

7. The seizure of all of the Defendant's MySpace messages was an overbroad, general search in violation of the Fourth Amendment and the government should be barred from using any of these messages at trial.

WHEREFORE, Mr. DeMuth seeks an order from this Court suppressing all of his MySpace messages.

Dated:  April 8, 2010                                         /s/ Michael E. Deutsch
                                                              Michael E. Deutsch
                                                              Attorney at Law
                                                              1180 N. Milwaukee
                                                              Chicago, IL 60642
                                                              773-235-0070


To:  Clifford R. Cronk III
     U.S. Attorney's Office

     Please take notice that, counsel for Scott DeMuth electronically filed on April 8,
2010, a **MOTION TO SUPRESS MYSPACE MESSAGES**

                                                              /s/Michael E. Deutsch
                                                              Michael E. Deutsch
                                                              Attorney for Scott Demuth
                                                              1180 N. Milwaukee Ave.
                                                              Chicago, IL 60642

3