IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT RYAN DEMUTH,<br><br><br>    Defendant. | Criminal No. 3:09-CR-117<br><br><br><br><br>GOVERNMENT RESISTANCE TO<br>DEFENDANT'S MOTION TO<br>DISMISS INDICTMENT<br>FOR VINDICTIVE PROSECUTION |

The United States of America, by and through its undersigned counsel, files its brief in resistance to the defendant's motion to dismiss the indictment for vindictive prosecution. (Clerk's No. 87).

## TABLE OF CONTENTS

STATEMENT OF THE CASE .................................................. 2

FACTS .................................................................. 3

ARGUMENT ............................................................... 4

CONCLUSION ............................................................. 9

**STATEMENT OF THE CASE**

On November 18, 2009, the defendant, Scott Ryan Demuth, was charged by Indictment with conspiracy to commit animal enterprise terrorism in violation of Title 18, United States Code, Sections 43(a) and 43(b)(2). (R. 2). On November 20, 2010, a detention hearing was held before Magistrate Judge Thomas J. Shields. (R. 11). Magistrate Judge Shields entered an order denying the government's motion to detain Demuth on November 24, 2009. (R. 13). On November 25, 2009, the United States filed a motion for revocation of release order. (R. 17). District Court Judge John Jarvey denied the government's motion for revocation of release order on November 30, 2009. (R. 22).

On February 4, 2010, the defendant filed several motions to dismiss the indictment. (R. 42, 43, 48). None of these motions argued vindictive prosecution as a basis for dismissing the indictment. On February 17, 2010, the grand jury returned a superseding indictment charging DeMuth with the same crime but altering the wording of the indictment in several respects. (R. 55). On February 24, 2010, the district court denied DeMuth's motions to dismiss as moot. (R. 65).

On April 6, 2010, the defendant filed a motion to dismiss the superseding indictment for vindictive prosecution. (R. 87). On April 13, 2010, the grand jury returned a second superseding indictment charging Demuth with the same crime, but altering the language of the superseding indictment in specific ways. (R. 94). The United States now files its response to defendant's motion to dismiss the superseding indictment for vindictive prosecution.

## FACTS

On November 5, 2009, the United States served Scott Ryan Demuth with a grand jury subpoena ordering him to either 1) appear before the grand jury in Davenport, Iowa on November 17, 2009, or 2) make arrangements to have his palm and fingerprints taken by the Federal Bureau of Investigation (FBI). On November 11, 2009, Demuth was served with a second grand jury subpoena. The second subpoena required his appearance before the grand jury on November 17, 2009, but did not require him to provide his palm or fingerprints to the FBI.

On November 17, 2009, Demuth appeared with counsel before District Judge John Jarvey in Davenport, Iowa. At that time the court granted, at the request of the United States, immunity for Demuth's testimony pursuant to Title 18, United States Code, Section 6002. (R. 49). DeMuth responded by stating unequivocally that he would not give testimony to the grand jury. (R. 49). In so doing, DeMuth asserted confidentiality requirements associated with his academic research justified his refusal to testify. (R. 49). The district court disagreed, finding DeMuth without just cause to refuse to comply with the order requiring his testimony. (R. 49). As a result, the district court found DeMuth in civil contempt of court and ordered DeMuth detained until such time as he agreed to comply with the court's order. (R. 49).

On November 18, 2009, the grand jury returned a one-count indictment charging DeMuth with conspiracy to commit animal enterprise terrorism in violation of Title 18, United States Code, Sections 43(a) and 43(b)(2). (R. 2). A detention hearing was held before Magistrate Judge Thomas J. Shields on November 20, 2009. In arguing for the continued detention of DeMuth, the Assistant United States Attorney pointed to DeMuth's refusal to comply with the

district court's November 17, 2009 order as indicative of the defendant's ability to abide potential conditions of his pretrial release. On November 24, 2009, Magistrate Shields denied the government's request for detention and ordered the conditional release of DeMuth pending trial. (R. 13).

On November 25, 2009, the United States filed a motion requesting revocation of DeMuth's release order. (R. 17). In support of revocation of DeMuth's conditional release pending trial, the United States asserted "[a]dditional evidence established that, when subpoenaed to testify before the grand jury under a grant of immunity, Defendant participated in an anti-government demonstration in front of the courthouse and then, consistent with his anti-government declarations, defied an order of this Court to provide information and evidence to the federal grand jury." On November 30, 2010, the district court affirmed the magistrate's order conditionally releasing DeMuth from detention pending trial. (R. 22).

## ARGUMENT

A defendant seeking dismissal based on vindictive prosecution may do so either by 1) introducing objective evidence supporting that claim, or 2) showing that circumstances justify a rebuttable presumption of vindictiveness.

"First, a defendant may prove through objective evidence that the prosecutor's decision was intended to punish him or her for the exercise of a legal right." *United States v. Beede*, 974 F.2d 948, 951 (8th Cir. 1992) (citing *United States v. Goodwin*, 457 U.S. 368, 384 (1982)). "The burden is on the defendant to prove through objective evidence that the decision to prosecute . . . was borne of a desire to punish him for the exercise of a legal right." *United States v. Kriens*, 270

F.3d 597, 602 (8th Cir. 2001);  *accord United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (A defendant has the "burden of establishing vindictiveness, in the sense of bad faith or maliciousness."). The evidence may be "direct or circumstantial," but the "defendant's evidentiary burden is a heavy one, and we are mindful of the broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes." *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004).  The burden is "especially heavy when the additional charges were brought prior to the start of trial . . ." *United States v. Pruett*, 501 F.3d 976, (2007) (citing *Goodwin*, 457 U.S. at 381-82), *vacated on other grounds*, *Pruett v. United States*, 552 U.S. 1241 (2008).  "An example of objective evidence of a vindictive motive would be a prosecutor's statement that he or she is bringing a new charge in order to dissuade the defendant from exercising his or her legal rights."  *United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005).

   "Second, a defendant may *in certain circumstances* rely on a presumption of vindictiveness." *Beede*, 974 F.2d at 951(emphasis added) (citing *Bordenkircher v. Hayes*, 434 U.S. 357 (1978).  "A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights." *Campbell*, 410 F.3d at 462.  Rather, the presumption arises " 'only in cases in which a reasonable likelihood of vindictiveness exists.' " *United States v. Rodgers*, 18 F.3d 1425, 1430 (8th Cir. 1994) (quoting *Goodwin*, 457 U.S. at 373);  *accord Campbell*, 410 F.3d at 462 ("reasonable likelihood of vindictiveness").  The Eighth Circuit has repeatedly noted that the presumption arises "in rare instances."  *E.g. Kriens*, 270 F.3d at 602 ("rare instances"); *Campbell*, 410 F.3d at 462 (same).

  I.  The defendant has failed to identify objective evidence that he was indicted by the grand jury as punishment for the exercise of a legal right.

The defendant first argues that the United States retaliated against him for his "good faith refusal to testify before a grand jury based upon academic confidentiality." (Mot. 5). Even if the defendant could establish the truth of this baseless accusation, the argument fails because the defendant was not exercising a legal right when he refused to testify. A fact recognized by the district court when it held DeMuth in civil contempt for refusing to testify before the grand jury after DeMuth was granted immunity pursuant to 18 U.S.C. § 6002.

While the defendant argues the United States acted in a vindictive manner when he was indicted following his assertion of an ethical standard as a basis for refusing to testify before the grand jury, he fails to cite any authority to support such a claim. In fact, no such authority exists. Simply put, the defendant had no legal right to refuse to testify before the grand jury after receiving immunity. As a result, the defendant has failed to present objective evidence that the United States sought his indictment as punishment for the exercise of a legal right.

Even if such a privilege existed, DeMuth was never asked a single question in the presence of the grand jury. DeMuth simply advised the court, that he would not testify. The defendant had no basis to invoke a privilege, real or imagined, prior to the asking of the question. This fact further illuminates the defendant's failure to present objective evidence that he was indicted as punishment for refusing to testify before the grand jury.

The defendant alternatively argues the government sought his indictment as retaliation for exercising "his right to protest his subpoena by demonstrating in front of the courthouse."

6

(Mot. 5). While the defendant clearly possess the right to protest in front of the courthouse, the defendant again fails to identify objective evidence that his presence or behavior in front of the courthouse had anything to do with the government's decision to seek his indictment. In fact, those involved in the decision to seek DeMuth's indictment were unaware of his actions in front of the courthouse until subsequent to his indictment.

The only evidence cited by the defendant in support of this argument are the statements contained in the Motion for Revocation of Release Order filed by the United States on November 25, 2009. While the United States did refer to refusal to testify before the grand jury after participating in an anti-government demonstration in front of the courthouse, the facts were presented as evidence of the defendant's inability to comply with conditions of pretrial release. While the court ultimately disagreed with the government's assessment of the risk posed by the defendant, there is no evidence to suggest DeMuth was indicted as punishment for assembling in front of the courthouse. If this were true, one would expect other protesters, including Carrie Feldman, another witness who refused to testify before the grand jury and was present at the aforementioned protest, would also have been indicted by the grand jury. Of course neither Feldman, nor any other protester, was indicted by the grand jury. As a result, there exists no objective evidence to suggest DeMuth was indicted for his refusal to testify or his actions in front of the courthouse.

> II.   The defendant is not entitled to a presumption of vindictiveness based upon the pre-trial charging decision of the United States.

In the context of pretrial charging decisions, the Supreme Court has cautioned against

imposing a presumption of vindictiveness because "[a]t this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystalized . . . a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." *Goodwin*, 457 U.S. at 381.  In declining to adopt an "inflexible presumption of prosecutorial vindictiveness in a pretrial setting," that court expressed clear support for prosecutorial discretion to increase the stakes of criminal prosecution in a pretrial setting, unfettered by a presumption of vindictiveness:

> "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.  An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*[1], the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Id.*, 457 U.S. at 382.

At least one district court has interpreted *Goodwin* to hold that "pretrial actions do not give rise to a presumption of vindictiveness" and that the defendants alleging prosecutorial vindictiveness based on pretrial actions must rely on "objective evidence." *United States v. Johnson*, 973 F.Supp. 1102, 1110 (D. Neb. 1997) (citing *Goodwin*, 457 U.S. at 381).  There is simply no evidence, objective or otherwise, to suggest DeMuth was indicted as a result of either: 1) his refusal to testify before the grand jury, or 2) the protest of his subpoena in front of the courthouse.

---

[1] 434 U.S. 357 (1978)

## CONCLUSION

The motion to dismiss indictment for vindictive prosecution filed by the defendant (R. 87) should be denied.

Respectfully submitted.

Nicholas A. Klinefeldt
United States Attorney

By:   */s/ Clifford R. Cronk III*
Clifford R. Cronk III
Assistant U. S. Attorney
131 East 4th Street, Suite 310
Davenport, IA 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail   \_\_\_\_\_ Fax   \_\_\_\_\_Hand Delivery

 X   ECF/Electronic filing   \_\_\_\_Other means

UNITED STATES ATTORNEY

By: /s/_____
    Paralegal Specialist