IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:09-cr-117 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | RESPONSE IN OPPOSITION TO |
| | ) | MOTION TO SUPPRESS MYSPACE |
| SCOTT RYAN DEMUTH, | ) | EVIDENCE |
| | ) | |
| Defendant. | ) | |

The United States, by and through the United States Attorney for the Southern District of Iowa, and his Assistant United States Attorney, Clifford R. Cronk III, does hereby respond in opposition to the defendant's motion to suppress MySpace evidence obtained by grand jury subpoena as follows:

I.   **Factual Background**

During the course of the investigation that resulted in the charges against Defendant, the United States caused a specific subpoena to be served on MySpace, an internet social network, for a specific "friend" account. The subpoena sought no contemporaneous messages but only stored communications that were more than 180 days old. MySpace provided records in their possession that were more than 180 days old from the particular account later determined to be the MySpace account of the defendant. It is those records that Defendant seeks to suppress.

II.   **Defendant's Motion to Suppress MySpace files**

Defendant claims the subpoena for the MySpace files associated with his account

constitutes an illegal search and seizure. He claims to have a reasonable expectation of privacy in records held by MySpace, a third party. He claims that the subpoena issued to MySpace failed to particularize the "messages" to be seized and that receiving a copy of records held by MySpace violated his Fourth Amendment rights.

III.  **Government response.**

    A.  **Defendant has no expectation of privacy in MySpace records stored by MySpace by virtue of MySpace's Terms of Use and Privacy Policy agreements**

There is "no legitimate expectation of privacy in information [a defendant] voluntarily turns over to third parties." *Smith v. Maryland,* 442 U.S. 735, 743-44 (1979). Though individuals generally possess a reasonable expectation of privacy in their home computers. . . . They may not, however, enjoy such an expectation of privacy in transmissions over the Internet or e-mail that have already arrived at the recipient. *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004)  An internet user's expectation of privacy should be decided "in the context of a specific internet-service agreement and a specific search and seizure." *Warshak v. United States*, 532 F.3d 521, 527 (6th Cir. 2008) (explaining different services have different language in their terms of use agreements that dictate the level of privacy a user could reasonably expect). Where service providers have an agreement to share information for investigation, to cooperate with law enforcement, and to take legal action, there is no objectively reasonable expectation of privacy and therefore no Fourth Amendment protection for the content of the communications stored with the service provider. *See United States v. Hart*, 2009 WL 2552347 * 2 (D. C. W.D. Ky 2009) (Yahoo! Service agreement discussed); *United States v.*

*Beckett*, 544 F.Supp.2d 1346, 1350 (S.D.Fla. 2008) *aff'd United States v. Beckett*, 2010 WL 776049 (11th Cir.).

Review of the MySpace policies and its Terms & Conditions are important here. MySpace reserves the right, "at any time MySpace chooses, in its sole discretion, to monitor the MySpace Services." *See* MySpace Terms & Conditions § 7.1, http://www.myspace.com/index.cfm?fuseaction=misc.terms. This is similar to a user utilizing peer-to-peer sharing software and allowing anonymous users to freely access his files through the internet. MySpace classifies private messages as "non-PII[1]"—or "non-personal identifying information—and retains the right to share such information with third parties. One portion of MySpace's Privacy Policy provides:

> There may be instances when MySpace may access or disclose PII, Profile Information or non-PII without providing you a choice in order to: (I) protect or defend the legal rights or property of MySpace, our Affiliated Companies or their employees, agents and contractors (*including enforcement of our agreements*); (ii) protect the safety and security of Users of the MySpace Services or members of the public including acting in urgent circumstances; (iii) protect against fraud or for risk management purposes; or (iv) comply with the law or legal process.

MySpace Privacy Policy, http://www.myspace.com/index.cfm?fuseaction=misc.privacy. The "agreements" this privacy policy refers to are in the Terms and Conditions the defendant agreed to when he created a MySpace account. The Terms and Conditions enumerate various prohibited content, criminal and otherwise, and MySpace, by its own policy, is entitled to "access and disclose" personal information in order to ensure that users are adhering to the agreements. *See* MySpace Terms & Conditions §§ 7-9,

---

[1] As opposed to "PII" which is "personal identifying information" and includes data such as a user's age, zip code, height, weight, etc.

http://www.myspace.com/index.cfm?fuseaction=misc.terms.

Lastly, "MySpace reserves the right to *investigate* and take appropriate legal action against anyone who, in MySpace's sole discretion, violates [these terms], including, without limitation, removing the offending Content from the MySpace Services, terminating the Membership of such violators and/or *reporting such Content or activities to law enforcement authorities.*" Id. § 8.

Taken in the aggregate, these expressions of MySpace's ability to unabashedly peruse, monitor, and report on users' activities undermine any potential expectation of privacy. The fact that MySpace has three distinct, clear references to its monitoring capabilities in two separate agreements—Terms & Conditions as well as the Privacy Policy— vitiates any expectation of privacy Defendant had in the matter and renders the same unreasonable.

  **B.**  **There is no right of suppression of this evidence under the Electronic Communications Privacy Act**

The evidence here was obtained through a subpoena served on MySpace. Such subpoenas are authorized through the Electronic Communications Privacy Act ("ECPA"). MySpace complied with the subpoena and provided the stored files it had in the account that were more than 180 days old. Even if the Government violated the Electronic Communications Privacy Act, the Act itself provides no suppression of evidence acquired in violation of its provisions. *United States v. Steiger*, 318 F.3d 1039, 1051 (11th Cir. 2003). The statute explicitly allows for sanctions under certain circumstances and lacks any mention of suppression. *See* 18 U.S.C. §§ 2707, 2712 (2002)

(allowing civil damages), 18 U.S.C. § 2701(b) (allowing criminal charges in certain situations). These are the only remedies that the statute provides. 18 U.S.C. § 2708 ("The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter.") This unambiguous language indicates that Congress clearly intended for suppression not to be an option for evidence acquired through the ECPA. *See United States v. Steiger,* 318 F.3d 1039, 1051 (11th Cir. 2003); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000).

## Conclusion

The defendant had no reasonable expectation of privacy in the records held by MySpace. The service of a grand jury subpoena for MySpace records was reasonable and the production of the records did not violate Defendant's Fourth Amendment rights. Therefore, suppression of the evidence is unwarranted.

WHEREFORE, the United States respectfully requests that the court deny the motion without further hearing or argument.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: /s/_____
Clifford R. Cronk III
Assistant U. S. Attorney
131 East 4th Street, Suite 310
Davenport, IA 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_U.S. Mail \_\_\_\_\_Fax \_\_\_\_Hand Delivery

 X   ECF/Electronic filing    \_\_\_Other means

UNITED STATES ATTORNEY

By: /s/_____
      Clifford R. Cronk III