IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:09-cr-117 |
| Plaintiff, ) | |
| ) | |
| v. ) | RESPONSE IN OPPOSITION TO |
| ) | MOTION TO DISMISS SECOND |
| SCOTT RYAN DEMUTH, ) | SUPERSEDING INDICTMENT |
| ) | |
| Defendant. ) | |

The United States, by and through the United States Attorney for the Southern District of Iowa, and his Assistant United States Attorney, Clifford R. Cronk III, does hereby respond in opposition to the defendant's motion to dismiss the second superseding indictment as follows:

I.     **Factual Background**

On April 13, 2010, the grand jury returned a second superseding indictment charging the defendant, Scott Ryan Demuth (Demuth), with a violation of 18 U.S.C. § 43(a) and (b)(2).  Specifically, the indictment charges :

> From a date unknown to the grand jury, but beginning as early as September of 2004, and continuing to a date unknown but at least until on or about May 2, 2006, the exact dates unknown, in and about Johnson County in the Southern District of Iowa, and elsewhere, defendant, SCOTT RYAN DEMUTH, did knowingly and intentionally conspire with persons known and unknown to the Grand Jury to travel in interstate and foreign commerce, and use and cause to be used the mail and other facilities in interstate or foreign commerce, including the internet and electronic mail, for the purpose of causing and attempting to cause, physical disruption to the functioning of animal enterprises, including, but not limited to, the Spence Laboratories at the University of Iowa, and Lakeside Ferrets, Inc. in Minnesota, and other animal enterprises elsewhere, to intentionally damage and cause the loss of property, including, but not limited

>to, animals, computers, and records, used by the animal enterprises, and cause economic damage to the animal enterprises in an amount exceeding $10,000.

On April 14, 2010, Demuth waived a formal arraignment and entered a plea of not guilty. On May 24, 2010, Demuth moved to dismiss the second superseding indictment.

## II.     Demuth's Motion to Dismiss

Demuth claims the second superseding indictment should be dismissed because it is unconstitutionally vague. Specifically, he claims the indictment "fails to provide . . . sufficient notice of the charges against him in order to prepare a defense." He also claims that it is so vague that an acquittal or conviction will not insure a bar to future prosecutions. He claims to be "totally unable to prepare and present a defense." Lastly, Demuth states "the indictment fails to apprise [him] of the factual basis upon which he is alleged to have joined the conspiracy." He complains that the indictment does not inform him *in any way* the actions he took which constitutes his agreement to join the conspiracy and "fails to provide him with any notice of the acts or actions he took which underlie the charge that he agreed to enter the conspiracy." He claims he cannot put forward an alibi or find witnesses.

Demuth complains that he does not know if he is charged with a crime under the Animal Enterprise Terrorism Act or the Animal Enterprise Protection Act. He claims that, because of this, he is unable to "make a facial challenge to the statute."

III.    **Government response.**

    A.    **The indictment is sufficient to advise Demuth of the charge against him and plead a conviction or acquittal as a bar to future prosecution.**

An indictment is constitutionally sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to meet, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States,* 369 U.S. 749, 763-64 (1962). Generally, an indictment is sufficient if it alleges an offense in the words of the statute, assuming those words " 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.' " *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)). (citations omitted). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993); *United States v. Stephenson,* 924 F.2d 753, 762 (8th Cir. 1991); *United States v. Young,* 618 F.2d 1281, 1286 (8th Cir. 1980).

In 2004, the criminal code at 18 U.S.C. § 43(a) identified the substantive offense of "animal enterprise terrorism." Specifically, it then stated: "Whoever (1) travels in interstate or foreign commerce, or uses or causes to be used the mail or any facility in interstate or foreign commerce for the purpose of causing physical disruption to the functioning of an animal enterprise; and (2) intentionally damages or causes the loss of

any property (including animals or records) used by the animal enterprise, or conspires to do so, shall be punished as provided for in subsection (b)." Thus, anyone who "conspires" to commit "animal enterprise terrorism" violates the statute. This conspiracy statute does not require an overt act.[1]

Conspiracy is an inchoate offense, the gravamen of which is the agreement to engage in unlawful activity. *Iannelli v. United States,* 420 U.S. 770, 777 (1975). "[T]he agreement is the essential evil at which the crime of conspiracy is directed," and it "serves to distinguish conspiracy from aiding and abetting which, although often based on agreement, does not require proof of that fact." *Id.* at 777 n. 10.

The courts have recognized that an indictment alleging conspiracy under 21 U.S.C. § 846 need not allege any specific acts taken in furtherance of a conspiracy, but must allege a conspiracy to distribute drugs and must specify, at a minimum, the time during which the conspiracy is alleged to have existed and the statute alleged to have

---

[1]The Supreme Court has recently interpreted language nearly identical to this language and found that it requires no proof of an overt act. *See Whitfield v. United States*, 543 U.S. 209 (2005) (interpreting 18 U.S.C. § 1956(h)); *United States v. Shabani*, 513 U.S. 10 (1994) (interpreting 21 U.S.C. § 846). In *Nash v. United States*, 229 U.S. 373 (1913), the Supreme Court found the conspiracy portion of the Sherman-Anti Trust Act of 1890 contained no requirement of an overt act. *Id.* at 378 ("The decisions as to the relations of a subsequent overt act to crimes under Rev. Stat. § 5440 . . . , have no bearing upon a statute that does not contain the requirement found in that section. As we can see no reason for reading into the Sherman act more than we find there, we think it unnecessary to offer arguments against doing so."). The Court in *Nash* recognized that the general conspiracy statute, by its language, required proof of an overt act while the Sherman Act contained no such requirement and it would not read such a requirement into the act. *Id.* Likewise, sixty-five years ago, in *United States v. Singer*, 323 U.S. 338 (1945) the Supreme Court found that conspiracy language in the Selective Training and Service Act of 1940 setting forth the substantive crime and then adding thereafter the words, "or conspire(s) to do so" requires no overt act. *Id.* at 339-41.

been violated. *See United States v. Dempsey,* 806 F.2d 766, 769 (7th Cir. 1986); *United States v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991). *See also*, *United States v. Hernandez*, 299 F. 3d 984, 992 (8th Cir. 2002).  The same analysis applies to an indictment charging a conspiracy to commit animal enterprise terrorism.

Here, Demuth is charged with a conspiracy to commit a violation of 18 U.S.C. 43(a).  The indictment sets forth a reasonable time period between "on or about" September 2004 and May of 2006 during which Demuth, and others, are alleged to have conspired to travel in interstate and foreign commerce, and to use and cause to be used the mail and other facilities in interstate or foreign commerce, including the internet and electronic mail.  The indictment sets forth that the purpose of the conspiratorial agreement was to cause and attempt to cause physical disruption to the functioning of animal enterprises, including the Spence Laboratories at the University of Iowa, and Lakeside Ferrets, Inc., in Minnesota, and other animal enterprises elsewhere.  The indictment also provides that the members of the conspiracy agreed to damage and cause the loss of property of animal enterprises, including, but not limited to, animals, computers, and records, used by the animal enterprises, in an amount exceeding $10,000.  Thus, the indictment sets forth each and every element of a conspiracy to violate 18 U.S.C. § 43(a).  Accordingly, it puts Demuth on notice of the criminal charge.

**B.     The indictment alleges a violation of 18 U.S.C. 43(a) prior to its amendment in November of 2006.**

On June 12, 2002, the criminal code at 18 U.S.C. § 43 was amended and is commonly referred to as the Animal Enterprise Protection Act. *See United States v.*

*Fullmer*, 584 F. 3d 132, 137 (3rd Cir. 2009).  In November 27, 2006, the criminal code was amended by the Animal Enterprise Terrorism Act (PL 109-374). 120 Stat. 2652.

The indictment sets forth with specificity the time period of the conspiracy: between September of 2004 and May of 2006.  The indictment is worded in the language of the offense as it read between 2002 and November 27, 2006.  It does not allege the conspiracy persisted until November 27, 2006, but only until about May of 2006.  There is no ambiguity here.  The indictment sets forth the offense charged in the form of the statute at the time the conspiracy is alleged to have occurred.  It also cites the relevant statute violated.  Accordingly, it puts defendant on notice of the specific crime he is alleged to have committed.  *See generally United States v. Jackson*, 325 F. 2d 477, 479 (8th Cir. 1963) ("citation to an existing official code section includes all amendments thereto then in force").

WHEREFORE, the United States respectfully requests that the court deny the motion to dismiss without further hearing or argument.

        Respectfully Submitted,

        Nicholas A. Klinefeldt
        United States Attorney

By:  /s/ _____
     Clifford R. Cronk III
     Assistant U. S. Attorney
     131 East 4th Street, Suite 310
     Davenport,  IA 52801
     Tel: (563) 449-5432
     Fax: (563) 449-5433
     Email: cliff.cronk@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax _____Hand Delivery

 X    ECF/Electronic filing     \_\_\_\_Other means

UNITED STATES ATTORNEY

By: /s/
      Clifford R. Cronk III