IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT RYAN DEMUTH,<br><br>    Defendant. | No. 3:09-cr-00117-JAJ<br><br><br><br>**ORDER** |

"A judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc) (quoting 28 U.S.C. § 455(a)). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" Id. (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant – section 455(a) sets an objective standard that does not require scienter." Id. The statute "provides an objective standard of reasonableness." United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006) (citation omitted). "The issue is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id. (quoting Moran, 296 F.3d at 648) (further citations omitted). The Eighth Circuit "assume[s] the impartiality of a sitting judge and the party seeking disqualification bears the substantial burden of proving otherwise." White v. National Football League, 585 F.3d 1129, 1138 (8th Cir. 2009) (citation and quotation marks omitted).

The court has a duty to disclose possible grounds for disqualification and a duty to disqualify himself when the circumstances so warrant. Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 521 (8th Cir. 1998) (citing Tramonte v. Chrysler Corp., 136 F.3d 1025, 1031 (5th Cir. 1998)); In re Kensington Intern. Ltd., 368 F.3d 289, 313-14 (3d Cir. 2004) (citing cases); see also Moran, 296 F.3d at 648. However, "[w]here the

ground for disqualification arises only under subsection (a) [of 28 U.S.C. § 455], waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e).

Here, any potential ground for disqualification arises only under subsection (a) of 28 U.S.C. § 455.[1] The court made a full disclosure on the record of the basis for disqualification.[2] The court directed that any motion to recuse the court be filed on or before July 26, 2010. No such motion has been filed; the court construes this as a waiver. The court accepts that waiver under 28 U.S.C. § 455(e). As such, the court will not recuse from this matter.

**IT IS SO ORDERED.**

**DATED** this 30th day of July, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

---

[1] See Dkt. 134, at 3 of 3, n.2.

[2] See id. at 1 of 3.