IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SCOTT RYAN DEMUTH,<br><br>　　　Defendant. | No. 3:09-cr-00117-JAJ<br><br><br><br><br>**ORDER** |

　　　Before the court are a number of motions filed by the defendant, Scott Ryan Demuth ("Demuth").

**I. Motion to dismiss superseding indictment for violation of statute of limitations**

　　　On March 23, 2010, Demuth moved to dismiss the Superseding Indictment on the grounds that it violated the five year statute of limitations for the crime charged [Dkt. 74]. Demuth argued that the Superseding Indictment, filed February 17, 2010, charged a conspiracy concerning a break-in at the University of Iowa on November 13 and 14, 2004. As such, Demuth argued, the indictment was filed more than 5 years after the break-in.

　　　This motion to dismiss is denied as moot.  On April 13, 2010, the government filed a Second Superseding Indictment, alleging a conspiracy that continued "at least until on or about May 2, 2006" [Dkt. 93].  If Demuth has a statute of limitations argument concerning the Second Superseding Indictment, he is directed to file a new motion to dismiss the Second Superseding Indictment that specifically addresses that indictment.

**II. Motion to dismiss superseding indictment for vagueness**

　　　On March 23, 2010, Demuth also moved to dismiss the Superseding Indictment on the grounds that it was vague [Dkt. 75].  Demuth argues that the Superseding Indictment is so vague as to the specific acts and intent alleged against him that it fails to provide him with sufficient notice of the charges against him in order to prepare a defense, and does

not ensure that an acquittal or conviction on the Superseding Indictment would act as a bar to future prosecutions for the same offense. Specifically, Demuth argues that the Superseding Indictment fails to apprise him of the specific nature, time period, and scope of the conspiracy, and the actions he allegedly took which constitute his joining the conspiracy.

Demuth's motion is denied as moot, in light of the government's Second Superseding Indictment [Dkt. 93]. Demuth has filed a Motion to Dismiss Second Superseding Indictment [Dkt. 122], which the court will rule on separately.

### III. Motion to reconsider magistrate judge's order

On March 5, 2010, Demuth made a motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) [Dkt. 69]. Demuth argued that the indictment charges him in the general language of the statute, and does not inform him of the specific scope of the conspiracy or what steps the defendant took that show he joined the conspiracy. He requested a bill of particulars identifying the specific nature of the conspiracy, his specific role in the conspiracy, the date he joined the conspiracy, the dates and locations of meetings or conversations which show his intent to join the conspiracy, any other animal enterprises that were the object of the conspiracy, acts of conspirators beyond the break-in of the Spence Lab,[1] and acts of conspirators after November 14, 2004. On March 26, 2010, the magistrate judge,[2] noting that a bill of particulars is not a proper tool for discovery, denied the motion [Dkt. 80].

On March 29, 2010, Demuth asked this court to reconsider the magistrate judge's order denying his request for a bill of particulars for specific notice of the items the government intends to use in its case-in-chief [Dkt. 82]. On April 13, 2010, the

---

[1] The Second Superseding Indictment, filed after Demuth's motion to reconsider, provided more information in this regard.

[2] The Honorable Thomas J. Shields, Magistrate Judge for the Southern District of Iowa.

government filed a Second Superseding Indictment [Dkt. 93]. Demuth has filed a second Motion for a Bill of Particulars [Dkt. 121]. The magistrate judge granted that motion [Dkt. 125]. Demuth's motion to reconsider the magistrate judge's order denying a bill of particulars is denied as moot.

**IT IS ORDERED** that Demuth's motions, Dkts. 74, 75, and 82 are denied as moot.

**DATED** this 30th day of July, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA