IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT RYAN DEMUTH,<br><br>    Defendant. | No. 3:09-cr-00117-JAJ<br><br><br><br>**ORDER** |

Before the court are two motions filed by the defendant, Scott Ryan Demuth ("Demuth").

### **I. Motion to dismiss indictment for vindictive prosecution**

Demuth filed a motion to dismiss the indictment because of vindictive prosecution [Dkt. 87]. "A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004) (citing Blackledge v. Perry, 417 U.S. 21, 25-26 (1974)). "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" United States v. Goodwin, 457 U.S. 368, 372 (1982) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). "[W]hile an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." Id.

"A defendant may demonstrate prosecutorial vindictiveness in two ways." United States v. Graham, 323 F.3d 603, 607 (8th Cir. 2003) (citation, quotation marks and brackets omitted). "First, a defendant may prove through objective evidence that the prosecutor's decision was intended to punish him or her for the exercise of a legal right." Id. (citation and quotation marks omitted). The defendant bears the burden of showing that the prosecution was brought in order to punish the defendant for the exercise of a legal

right, and "[t]he burden is a heavy one." United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005) (citation omitted). "An example of objective evidence of a vindictive motive would be a prosecutor's statement that he or she is bringing a new charge in order to dissuade the defendant from exercising his or her legal rights." Id. at 462.

"Second, a defendant may in certain circumstances rely on a presumption of vindictiveness." Graham, 323 F.3d at 607 (citation omitted). The Supreme Court has presumed an improper, vindictive motive "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right." Goodwin, 457 U.S. at 373. But "[o]nly in rare instances does the presumption apply." Campbell, 410 F.3d at 462 (citation and quotation marks omitted). "A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness." Id. (citation omitted).

Demuth argues that the presumption of vindictiveness applies here, saying the indictment is the product of a vindictive prosecutorial intent to punish him for his refusal to testify before the grand jury and the exercise of his First Amendment right to protest his subpoena by demonstrating in front of the courthouse. Demuth argues that the context presents a reasonable likelihood of vindictiveness because:

- when Demuth's counsel met with the government on the day Demuth was scheduled to testify before the grand jury, the government did not inform defense counsel that Demuth was a person of interest, a subject, or target of a criminal investigation;

- Demuth was offered immunity, showing that the government had no intention to indict him for the matters under investigation by the grand jury;

- the indictment as initially filed was flawed and clearly returned in haste without careful legal consideration to punish Demuth for his refusal to testify; and

- certain remarks by the prosecutor made in connection with the dispute over Demuth's pre-trial custody status indicate "the real motivation behind this indictment".

This is not one of the "rare instances" in which the presumption of vindictiveness applies. Neither the government's offer of immunity, nor the fact that the government did not tell Demuth's counsel that he was a person of interest, shows any vindictiveness. While these circumstances may reveal the government's initial approach to Demuth, "[a]n initial decision should not freeze future conduct." Goodwin, 457 U.S. at 382. The grand jury's quick return of an indictment after the meeting between the government and Demuth's counsel, the government's offer of immunity, and Demuth's subsequent refusal to testify does not give rise to a presumption of vindictiveness, especially in this pretrial setting. "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." Goodwin, 457 U.S. at 382. Demuth cites no case indicating that a decision to bring an indictment after a defendant's refusal to testify with immunity before the grand jury lies outside this broad discretion.

The remarks of the prosecutor also do not give rise to a presumption of vindictiveness here. Demuth points out that the prosecutor, in arguing to detain Demuth without bail, said:

> The court should have great concern about Mr. Demuth's sincerity or willingness to follow any court order given that he refused to follow a U.S. District Court's order for him to testify.

The court declined to follow the prosecutor's recommendation and ordered Demuth released [Dkt. 13]. In a motion for revocation of the release order, the prosecutor again argued for Demuth's detention, saying:

> [R]ecently, when subpoenaed to testify before the grand jury under a grant of immunity, Defendant participated in an anti-government demonstration in

> front of the courthouse and then, consistent with his anti-government declarations, defied an order of this Court to provide information and evidence to the federal grand jury.

[Dkt. 17]. These statements do not give rise to a presumption of vindictiveness. The prosecutor's characterization of Demuth's refusal to testify as defying a court order, and as "consistent with his anti-government declarations", is clearly legitimate and relevant argument to a court deciding whether Demuth would abide the court's potential conditions of release. Nothing in the prosecutor's arguments concerning detention indicates that the indictment was brought because of Demuth's participation in an anti-government demonstration.

Demuth also says the prosecutor has referred to him on the record as a "domestic terrorist", saying that this shows the prosecutor's animosity toward him. But Demuth is charged with "Force, violence, and threats involving animal enterprises". 18 U.S.C. § 43. Indeed, the charged crime was called "animal enterprise terrorism" until 2006. In this context, the prosecutor's statement does not present a reasonable likelihood of vindictiveness.

Moreover, Demuth does not satisfactorily identify a statutory or constitutional right the exercise of which the indictment was intended to punish. He doubtless had a First Amendment right to participate in a non-violent anti-government demonstration; however, there is no evidence that the indictment was brought in response to this participation. He also argues his indictment was brought in response to his exercise of his "confidentiality rights as a researcher", saying he refused to testify based on a good-faith belief that he had an obligation to maintain the confidentiality of people he interviewed as part of his academic research. But Demuth's alleged professional obligation is not a constitutional or statutory right. He concedes that his obligation to testify before a grand jury may override the confidentiality requirements of his academic work. No presumption of vindictiveness arises where, as here, there is no evidence of the existence of a legal right

4

that the defendant exercised, much less that the indictment was brought in response to the defendant's exercise of the right.

"When the presumption is not created, the defendant retains the burden of proof on vindictiveness." United States v. Punelli, 892 F.2d 1364, 1372 (8th Cir. 1990) (citation omitted). Absent the presumption, Demuth cannot meet his "heavy burden" to prove through objective evidence that the indictment was brought to punish him for the exercise of a legal right. Campbell, 410 F.3d at 461. Neither has Demuth alleged facts that suggests he could meet this burden with the benefit of an evidentiary hearing.

Demuth's motion to dismiss the indictment for vindictive prosecution is denied. The court also denies Demuth's request to hold a hearing on this matter.

## II. Motion to dismiss second superseding indictment for prosecutorial misconduct

Demuth moves to dismiss the Second Superseding Indictment as the product of prosecutorial misconduct [Dkt. 96]. On April 9, 2010, the government filed a motion to continue the trial and extend the deadline to file responses to Demuth's motions to dismiss the indictment and motions to suppress evidence [Dkt. 91]. At a final pre-trial hearing on April 12, 2010, the government reiterated its need for more time because of the pending motions; the court gave the government until April 29, 2010 to respond to the pending motions [Dkt. 92]. The government gave no indication to Demuth's counsel or the court at the pretrial conference that another superseding indictment would be returned. The Second Superseding Indictment was filed the next day, April 13, 2010 [Dkt. 93]. Demuth says that government counsel intentionally misled defense counsel and the court by falsely claiming he needed more time to respond to dismissal motions that he intended to obviate by obtaining another superseding indictment. Demuth argues that the court "must not countenance such manipulation of the judicial process," and requests dismissal of the indictment as a sanction for the prosecutor's misconduct, and requests the court to order a complaint filed against the prosecutor with the appropriate attorney disciplinary

5

authority.

Demuth cites the court to no law in his motion. In particular, he cites no case holding that failure to inform defense counsel of a probable superseding indictment, while moving to continue trial and motion deadlines, either warrants dismissal of an indictment or constitutes prosecutorial misconduct at all. Furthermore, dismissal is not an automatic remedy for prosecutorial misconduct. "Where the defendant has alleged prosecutorial misconduct, dismissal of an indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice." United States v. Wadlington, 233 F.3d 1067, 1073-74 (8th Cir. 2000) (citing United States v. Manthei, 979 F.2d 124, 126-27 (8th Cir. 1992)). Demuth has shown neither flagrance nor substantial prejudice.

The prosecutor's conduct is not improper, much less, flagrant. While Demuth alleges that the prosecutor misled his counsel into acquiescing to a continuance by hiding the likelihood of a new indictment that would add another act in violation of 18 U.S.C. § 43, at the time of his acquiescence Demuth's counsel was aware of the government's intent to use evidence of this additional act by virtue of the government's notice of intent [Dkt. 90]. Moreover, in any event, the prosecutor was under no obligation to disclose to Demuth's counsel what was occurring before the grand jury. Indeed, a government attorney "must not disclose a matter occurring before the grand jury" unless certain exceptions apply. FED. R. CRIM. P. 6(e)(2)(B). While the rule permits disclosure when the court authorizes it "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury", FED. R. CRIM. P. 6(e)(3)(E)(ii), the defendant here made no such showing and the court made no such authorization.

Furthermore, Demuth has not shown that he suffered substantial prejudice from any conduct of the prosecutor. While he says in his initial motion that he would not be ready for trial in June, July, or August because of the Second Superseding Indictment, this basis

6

for prejudice has dissipated given the court's April 21, 2010 order setting trial for September [Dkt. 101].[1]

Demuth's motion to dismiss the Second Superseding Indictment for prosecutorial misconduct is denied.

**IT IS ORDERED** that Demuth's motions, Dkts. 87 and 96 are denied.

**DATED** this 30th day of July, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

---

[1] Demuth notes in his reply that the trial was continued.