IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                    )<br>                    Plaintiff,    )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>SCOTT RYAN DEMUTH          )<br> | No. 3:09-cr-0117-JAJ<br><br>OPPOSITION TO GOVERNMENT'S<br>MOTION IN LIMINE |

Scott DeMuth, by his undersigned counsel submits the following opposition to the government's motion in limine. In support of this opposition the defendant by his undersigned counsel states the following:

1. The government has requested that this Court exclude "any and all exhibits and evidence offered by the defendant in it's [sic] case-in-chief or during examination of witnesses and presented in violation of the Court's reciprocal discovery deadline."

2. Given the lack of specificity in the government's second superceding indictment, which fails to apprise the defendant what acts or actions he took as part of the conspiracy charged therein, it is impossible for the defense to know at this stage of the proceeding what if any documents or tangible object will be relevant in the defense of this case.

3. The defense this date has sent to the prosecutor the "Code of Ethics of the American Sociological Association"  At this time the defense has no other tangible items it will seek to admit in its case in chief. However once the nature of the prosecution becomes clear and the defense is able to identify

1

additional tangible objects they will be supplied to the prosecution without delay.

4. Further, the reciprocal discovery rule does not include documents that the defense may use for the purposes of cross-examination and impeachment of the government's witnesses. "Under Rule 16(b)(1)(A), only evidence the defendant 'intends to introduce in evidence in its case-in-chief at trial' is required to be disclosed. . . . Because the defendant sought to use the note to impeach the testimony of a witness for the prosecution; it was not properly excludable under Rule 16." *United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004).

Wherefore, the defendant, requests that the government's motion in limine be denied.

Respectfully submitted,

Dated: August 24, 2010

/s/ Michael E. Deutsch
Michael E. Deutsch
Attorney at Law
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

To: Clifford R. Cronk III
    U.S. Attorney's Office

Please take notice that, counsel for Scott Demuth electronically filed on August 24, 2010, A Opposition to the Motion in Limie on behalf of defendant Scott Demuth.

2