IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:09-cr-117 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION IN LIMINE REGARDING |
| | ) | DEFENDANT DEMUTH'S PROPOSED |
| SCOTT RYAN DEMUTH, | ) | EXPERT TESTIMONY |
| | ) | |
| Defendant. | ) | |

The United States of America, in the Southern District of Iowa, by and through

the United States Attorney for the Southern District of Iowa and his Assistant United

States Attorney Clifford R. Cronk III moves this Court *in limine* to exclude the testimony

of the proposed expert witnesses identified to the Government on August 26, 2010.  As

grounds for the motion the Government states the following:

**Factual Background**

During a pre-trial conference in this matter, Defendant asked for additional time

to prepare for trial.  Accordingly, the trial was set for September 13, 2010.  During the

pre-trial conference, the Court ordered Defendant to provide reciprocal discovery by

May 28, 2010.  The United States has requested reciprocal discovery.

On August 26, 2010, the undersigned received the attached communication, a

letter from defense counsel's paralegal identifying three expert witnesses and providing

a description of their proposed testimony.  In addition, three separate curricula vitae

were provided which are attached to this filing.

## Authorities and Argument

The United States asserts that the witnesses identified are not qualified to testify

as described.  The admission of the proposed "expert" evidence is governed generally

by the decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*  509 U.S. 579 (1993). In

*Daubert*,  the Supreme Court stated:

>     Faced with a proffer of expert scientific testimony, then, the trial judge
> must determine at the outset, pursuant to Rule 104(a), whether the expert is
> proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact
> to understand or determine a fact in issue.  This entails a preliminary assessment
> of whether the reasoning or methodology underlying the testimony is
> scientifically valid and of whether that reasoning or methodology properly can
> be applied to the facts in issue. We are confident that federal judges possess the
> capacity to undertake this review. Many factors will bear on the inquiry, and we
> do not presume to set out a definitive checklist or test. But some general
> observations are appropriate.

>     Ordinarily, a key question to be answered in determining whether a
> theory or technique is scientific knowledge that will assist the trier of fact will be
> whether it can be (and has been) tested. "Scientific methodology today is based
> on generating hypotheses and testing them to see if they can be falsified; indeed,
> this methodology is what distinguishes science from other fields of human
> inquiry." Green 645. See also C. Hempel, Philosophy of Natural Science 49 (1966)
> "[T]he statements constituting a scientific explanation must be capable of
> empirical test"); K. Popper, Conjectures and Refutations: The Growth of Scientific
> Knowledge 37 (5th ed. 1989) ("[T]he criterion of the scientific status of a theory is
> its falsifiability, or refutability, or testability") (emphasis deleted).
> Another pertinent consideration is whether the theory or technique has been
> subjected to peer review and publication. Publication (which is but one element
> of peer review) is not a *sine qua non* of admissibility; it does not necessarily
> correlate with reliability, see S. Jasanoff, The Fifth Branch: Science Advisors as
> Policymakers 61-76 (1990), and in some instances well-grounded but innovative
> theories will not have been published, see Horrobin, The Philosophical Basis of
> Peer Review and the Suppression of Innovation, 263 JAMA 1438 (1990). Some
> propositions, moreover, are too particular, too new, or of too limited interest to
> be published. But submission to the scrutiny of the scientific community is a
> component of "good science," in part because it increases the likelihood that
> substantive flaws in methodology will be detected. See J. Ziman, Reliable

Knowledge: An Exploration of the Grounds for Belief in Science 130-133 (1978); Relman & Angell, How Good Is Peer Review?, 321 New Eng.J.Med. 827 (1989). The fact of publication (or lack thereof) in a peer reviewed journal thus will be a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised.

Additionally, in the case of a particular scientific technique, the court ordinarily should consider the known or potential rate of error, see, *e.g., United States v. Smith,* 869 F.2d 348, 353-354 (CA7 1989) (surveying studies of the error rate of spectrographic voice identification technique), and the existence and maintenance of standards controlling the technique's operation, see *United States v. Williams,* 583 F.2d 1194, 1198 (CA2 1978) (noting professional organization's standard governing spectrographic analysis), cert. denied, 439 U.S. 1117, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979).

Finally, "general acceptance" can yet have a bearing on the inquiry. A "reliability assessment does not require, although it does permit, explicit identification of a relevant scientific community and an express determination of a particular degree of acceptance within that community." *United States v. Downing,* 753 F.2d, at 1238. See also 3 Weinstein & Berger ¶ 702[03], pp. 702-41 to 702-42. Widespread acceptance can be an important factor in ruling particular evidence admissible, and "a known technique which has been able to attract only minimal support within the community," *Downing,* 753 F.2d, at 1238, may properly be viewed with skepticism.

*Id.* at 593-594. The proposed testimony fails to meet the tests of admissibility under

*Daubert* and its progeny.

The proposed evidence will not assist the jury.

Third, the evidence is not relevant to any issue in this case. It appears the

defendant wants to explain why he refused to testify before the grand jury without

testifying. No information was provided that the experts Mr. Boyle and Professor

Pellow spoke with Mr. Demuth about his reasons for refusing to testify. Moreover,

there is no sociologist's privilege and any suggestion to the jury that such a privilege is

legitimate injects issues into the case that will mislead or confuse the jury. The evidence

is therefore excludable under Federal Rule of Evidence 403.  Any testimony explaining

potential reasons for Defendant Demuth's refusal to testify are speculative.

Fourth, the written summaries are inadequate to "describe the witness's

opinions, the bases and reasons for those opinions" as required by Rule 16(c) of the

Federal Rules of Criminal Procedure.

Fifth, these disclosures are untimely. The fact of Demuth's refusal to testify and

was provided to the defense in November of 2009. The Rule 404(b) notice was filed in

and about March of 2010.  Reports of scientific experts were provided to the defense in

and about February of 2010.  The evidence that ALF took responsibility for the offense

was provided to the defendant in late November or early December of 2009.  These

matters could have been addressed far before the final pre-trial conference.

WHEREFORE, the United States respectfully requests that the Court exclude any

and all expert testimony evidence offered by the defendant in it's case-in-chief.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: _/s/_____
     Clifford R. Cronk III
     Assistant United States Attorney
     United States Court House
     131 East 4th Street, Suite 310
     Davenport, IA  61201
     Tel: (563) 449-5432
     Fax: (563) 449-5433
     Email: cliff.cronk@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2010, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing   ____Other means


UNITED STATES ATTORNEY

By: /s/_____
    Clifford R. Cronk III