IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-0117-JAJ |
| | ) | |
| SCOTT RYAN DEMUTH | ) | DEFENDANT'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| Defendant. | ) | |

_____

## I. PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS

**GENERAL:  NATURE OF CASE; NATURE OF INDICTMENT;
BURDEN OF PROOF; PRESUMPTION OF INNOCENCE;
DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against the defendant, Scott DeMuth by the United States government.  Scott Demuth is charged with conspiracy to violate the Animal Enterprise Protection Act.  That charge is set forth in what is called an indictment,  which reads as follows:

Count 1 (Conspiracy)

From a date unknown to the grand jury, but beginning as early as September of 2004, and continuing to a date unknown but at least until on or about May 2, 2006, the exact dates unknown, in and about Johnson County in the Southern District of Iowa, and elsewhere, defendant, Scotty Ryan DeMuth, did knowingly and intentionally conspire with persons known and unknown to the Grand Jury to travel in interstate and foreign commerce, and use and cause to be used the mail and other facilities in interstate or foreign commerce, including the internet and electronic mail, for the purpose of causing and attempting to cause, physical disruption to the functioning of animal enterprises, including, but not limited to, the Spence Laboratories at the University of Iowa, and Lakeside Ferrets, Inc. in Minnesota, and other animal enterprises elsewhere, to intentionally damage and cause the loss of property, including but not limited to, animals, computers, and records, used by the animal enterprises, and cause economic damage to the animal enterprises in the an amount exceeding $10,000.

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The defendant Scott DeMuth has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant Scott DeMuth is

guilty or not guilty of the crime charged.  From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, Scott DeMuth, not anyone else, is on trial here, and that Scott DeMuth is on trial only for the crime charged, not for anything else.

**Defendant's Proposed Jury Instruction No. 1**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 1.01*

## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I shall list those things for you now:

1.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.  Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

**Defendant's Proposed Jury Instruction No. 2**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: 8th Circuit Model Jury Instruction 1.03*

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

**Defendant's Proposed Jury Instruction No. 3**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 1.05 (Modified)*

**NO TRANSCRIPT AVAILABLE - NOTE-TAKING**

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave at night, your notes will be secured and not read by anyone.

**Defendant's Proposed Jury Instruction No. 4**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 1.06A (Modified); 7th Circuit Pattern Jury Instruction 1.07*

## BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**Defendant's Proposed Jury Instruction No. 5**

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: 8th Circuit Model Jury Instruction 1.07*

## CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions I give you

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not read from a dictionary or a text book or an encyclopedia or talk with a person you consider knowledgeable or go to the Internet for information about some issue in this case.  In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**Defendant's Proposed Jury Instruction No. 6**

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: 8th Circuit Model Jury Instruction 1.08*

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the government attorney will make an opening statement.  Next the defendant's attorney may, but does not have to, make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine.  Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses.  If the defendant calls witnesses, the government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.

**Defendant's Proposed Jury Instruction No. 7**

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: 8th Circuit Model Jury Instruction 1.09*

**II.  INSTRUCTIONS FOR USE DURING TRIAL**

## DUTIES OF JURY - RECESSES

We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, please let me know about it immediately.  Do not read, watch or listen to any news reports of the trial.  Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Defendant's Proposed Jury Instruction No. 8**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source: 8th Circuit Model Jury Instruction 2.01*

### III. FINAL INSTRUCTIONS

## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

**Defendant's Proposed Jury Instruction No. 9**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 3.01*

**DUTY OF JURY**

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**Defendant's Proposed Jury Instruction No. 10**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source: 8th Circuit Model Jury Instruction 3.02*

## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, [the facts that have been stipulated -- this is, formally agreed to by the parties,] [the facts that have been judicially noticed -- this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

l.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.


**Defendant's Proposed Jury Instruction No. 11**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 3.03*

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

Law enforcement officers have natural bias, therefore their testimony should be received with caution.

**Defendant's Proposed Jury Instruction No. 12**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 3.04 (Modified); Golliher v. United States*, 362 F.2d 594, 604 (8th Cir. 1966), *cited in Committee Comments to 8th Cir. Model Jury Instruction 3.04*

**OPINION EVIDENCE - EXPERT WITNESS**

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

**Defendant's Proposed Jury Instruction No. 13**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 4.10*

**DESCRIPTION OF CHARGE; INDICTMENT NOT EVIDENCE;**

**BURDEN OF PROOF**


The indictment in this case charges that the defendant, Scott DeMuth, committed the crime of conspiracy to violate the Animal Enterprise Protection Act.  Scott DeMuth has pleaded not guilty to that charge.

As I told you at the beginning of the trial, an indictment is simply an accusation.  It is not evidence of anything.  To the contrary, the defendant Scott DeMuth is presumed to be innocent.  Thus Scott DeMuth, even though charged, begins the trial with no evidence against him.  The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the prosecution proves, beyond a reasonable doubt, each element of the crime charged.


**Defendant's Proposed Jury Instruction No. 14**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instruction 3.05*

## PRESUMPTION OF INNOCENCE

The Fifth Amendment to the United States Constitution allows the defendant, Scott DeMuth not to testify.  There is no burden upon a defendant to prove that he is innocent.  The fact that Mr. DeMuth did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

**Defendant's Proposed Jury Instruction No. 15**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source:  U.S. Const. Amend. 5; 8th Circuit Model Jury Instruction 3.05;  Carter v. Kentucky, 450 U.S. 288 (1981)*

**REASONABLE DOUBT**

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**Defendant's Proposed Jury Instruction No. 16**

_____       Given
_____       Rejected
_____       Withdrawn
_____       Objected to

*Source:  8th Circuit Model Jury Instruction 3.11*

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Defendant's Proposed Jury Instruction No. 17**

_____      Given
_____      Rejected
_____      Withdrawn
_____      Objected to

*Source:  8th Circuit Model Jury Instruction 3.12*

**VENUE**

The prosecution must prove by the greater weight of the evidence that the offense charged, was begun, continued or completed in the Southern District of Iowa.

To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  This is a lesser standard than proof beyond a reasonable doubt.  The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

**Defendant's Proposed Jury Instruction No. 18**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source:  8th Circuit Model Jury Instruction 3.13*

## ANIMAL ENTERPRISE PROTECTION - ELEMENTS

To sustain the charge of conspiracy to violate the Animal Enterprise Protection Act in Court 1 of the Indictment, the prosecution must prove each of the following elements beyond a reasonable doubt:

*One*,    That defendant Scott DeMuth conspired, that is, agreed with others

*Two*,     To travel in interstate commerce, and use and cause to be used the mail and other facilities in interstate or foreign commerce, including the internet and electronic mail;

*Three*,  That the purpose of this conspiracy was to cause and attempt to cause physical disruption to functioning of animal enterprises, *and*

*Four,*    That defendant Scott DeMuth conspired with others to cause and attempt to cause physical disruption to the functioning of the animal enterprise Spence Laboratories at the University of Iowa, *and* the animal enterprise Lakeside Ferrets, Inc. in Minnesota, *and*

*Five*,    That defendant Scott DeMuth conspired to intentionally damage or cause the loss of property (including animals, computers and records) and cause economic damage to the animal enterprises.

If each of these elements have been proved beyond a reasonable doubt as to Scott DeMuth, then you must find Scott DeMuth guilty of the crime charged in the indictment.  If any one of the elements have not been proved beyond a reasonable doubt as to Scott DeMuth, then you must find Scott DeMuth not guilty of this crime.

**Defendant's Proposed Jury Instruction No. 19**

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source:  8th Circuit Model Jury Instruction 5.06C, 3.05*9

## CONSPIRACY:  "AGREEMENT" EXPLAINED

The government must prove beyond a reasonable doubt that the conspiracy charged in the indictment existed and that the defendant reached this agreement with at least one other person.

The "agreement" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.  Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement.  A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.  Also, a person's mere knowledge of an illegal act or association with an individual engaged in illegal conduct is not enough to prove a person has joined a conspiracy.  *United States v. Raymond*, 793 F.2d 928, 932 (8th Cir. 1986).

But a person may join in an agreement, as required by this element, without knowing all the details of the agreement, and without knowing who all the other members are.  Further it is not necessary that a person agree to play any particular part in carrying out the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracy alleged in the indictment existed.  If you find that the alleged conspiracy did exist, you must also decide whether the defendant, Scott DeMuth, voluntarily and intentionally joined the conspiracy, either at the time it was first formed or at some later time while it was still in effect.  In making that decision, you must consider only evidence of Scott DeMuth's own actions and statements.  You may not consider actions and pretrial statements of others

**Defendant's Proposed Jury Instruction No. 20**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source: 8th Circuit Model Jury Instruction 5.06B (Modified); United States v. Raymond*, 793 F.2d 928, 932 (8th Cir. 1986).

## CONSPIRACY:  SINGLE/MULTIPLE CONSPIRACIES

The indictment charges that the defendant Scott DeMuth was a member of one single conspiracy to commit a violation of the Animal Enterprise Protection Act, as charged in the indictment.

One of the issues you must decide is whether there was one conspiracy or two separate conspiracies, or indeed, no conspiracy at all.

When two or more people join together to further one common unlawful design, purpose or overall plan, a single conspiracy exists. On the other hand, more than one conspiracy exists when there are separate unlawful agreements to achieve separate and distinct purposes.

In determining whether there was a single conspiracy or two separate conspiracies you may consider a wide range of factors, such as: whether there was a common goal; the nature of the scheme; overlapping of participants in various dealings; the nature, design, implementation and logistics of the illegal activity; the participants' method of operation; the relevant geography; and the scope of co-conspirator involvement.

The government must convince you beyond a reasonable doubt that Scott DeMuth was a member of the conspiracy charged in the indictment.  If you find that the conspiracy charged in the indictment did not exist, you cannot find Scott DeMuth guilty of that conspiracy. This is so even if you find that some conspiracy other than the one charged in the indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.  Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the indictment, then you must find the defendant not guilty of the conspiracy.

If you find that there was not one overall conspiracy as alleged by the government in the indictment, but instead there were actually several separate and independent conspiracies, then you must find the Scott DeMuth not guilty of the conspiracy charged in the indictment.

Proof that Scott DeMuth was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the indictment.

Therefore, you must determine whether the conspiracy charged in the indictment existed. If it did, you then must determine who were its members.

**Defendant's Proposed Jury Instruction No. 21**

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: 8th Circuit Model Jury Instruction 5.06G (Modified)*; *U.S. v. Morales*, 113 F. 3d 116, 118-119 (8th Cir. 1997)

Citizens have First Amendment rights of freedom of speech and association.  Proof of association or acquaintanceship alone is not enough to establish a conspiracy.

**Defendant's Proposed Jury Instruction No. 22**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: U.S. Const. Amend 1; NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 918-919 (1982); *United States v. Apker*, 705 F.2d 293, 298 (8th Cir. 1983); *United States v. Brown*, 584 F.2d at 259-60.

The First Amendment to the United States Constitution prohibits the government (i.e. prosecutor) from punishing a citizen based upon his political beliefs, the reading material he possesses, or his political writings.  You are not permitted to find the defendant Scott DeMuth guilty because you disagree with his political beliefs, his writings or the books/magazines he reads or has in his possession.

**Defendant's Proposed Jury Instruction No. 23**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source: U.S. Const. Amend 1*; *Fort Wayne Books, Inc. v. Indiana,* 489 U.S. 46 (1989); *Virginia v. Black*, 538 U.S. 343, 358 (2003).

While the government may criminalize certain limited categories of speech, it is well established that the mere *advocacy* of the use of force or violence does not remove speech from the protection of the First Amendment. The constitutional guarantee of free speech does not permit the government to forbid or proscribe advocacy of the use of force except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. The mere abstract teaching of the moral propriety or even moral necessity for a resort to force and violence is not the same as preparing a group for violent action and steeling it to such action, and cannot be criminalized.

**Defendant's Proposed Jury Instruction No. 24**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: U.S. Const. Amend 1; Brandenburg v. Ohio*, 395 U.S. 444 (1969); *Noto v. United States*, 367 U.S. 290, 299-300 (1961).

# GENERAL VERDICT FORM

**VERDICT**

We, the jury, find defendant Scott DeMuth _____of the crime of
                                                    [guilty/not guilty]
conspiracy to violate the Animal Enterprise Protection Act.


_____
                        Foreperson


**Defendant's Proposed Jury Instruction No. 25**

_____          Given
_____          Rejected
_____          Withdrawn
_____          Objected to

*Source: 8ᵗʰ Circuit Model Jury Instructions 11.01*

### IV.  ADDITIONAL FINAL INSTRUCTIONS WHICH MAY BE NEEDED DEPENDING UPON THE EVIDENCE INTRODUCED AT TRIAL

The defendant reserves the right to add additional instructions before the instructions as the evidence becomes clearer at trial.

## TESTIMONY UNDER GRANT OF IMMUNITY OR PLEA BARGAIN

You have heard evidence that (name of witness) [has made a plea agreement with the government] [has received a promise from the government that [he] [she] will not be prosecuted] [has received a promise from the government that [his] [her] testimony will not be used against [him] [her] in a criminal case.  [His] [Her] testimony was received in evidence and may be considered by you.  You may give [his] [her] testimony such weight as you think it deserves.  Whether or not [his] [her] testimony may have been influenced by the [plea agreement] [government's promise] is for you to determine.

[The witness's guilty plea cannot be considered by you as any evidence of this defendant Scott DeMuth's guilt.  The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.][1]

**Defendant's Proposed Jury Instruction No. 26**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instructions 4.04*

**TESTIMONY OF ACCOMPLICE**

You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant.  [His] [Her] testimony was received in evidence and may be considered by you.  You may give [his] [her] testimony such weight as you think it deserves.  Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the government or to strike a good bargain with the government about [his] [her] own situation is for you to determine.

**Defendant's Proposed Jury Instruction No. 27**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instructions 4.05A*

## IMPEACHMENT OF WITNESS - PRIOR CONVICTION

You have heard evidence that the witness (name) was once convicted of a crime.  You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his] [her] testimony.

**Defendant's Proposed Jury Instruction No. 28**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instructions 2.18*

**STIPULATED TESTIMONY**

The prosecutor and the defendant, Scott DeMuth, have stipulated - that is, they have agreed - that if (name of witness) were called as a witness [he][she] would testify in the way counsel have just stated.  You should accept that as being (name of witness)'s testimony, just as if it had been given here in court from the witness stand.

**Defendant's Proposed Jury Instruction No. 29**

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: 8th Circuit Model Jury Instructions 2.02*

**STIPULATED FACTS**

The prosecutor  and the defendant Scott DeMuth have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated.  You must therefore treat those facts as having been proved.

**Defendant's Proposed Jury Instruction No. 30**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8ᵗʰ Circuit Model Jury Instructions 2.03*

**JUDICIAL NOTICE**

**(Fed. R. Evid. 201)**


Even though no evidence has been introduced about it, I have decided to accept as proved the fact that (insert fact noticed).  I believe this fact [is of such common knowledge] [can be so accurately and readily determined from (name accurate source)] that it cannot reasonably be disputed.  You may therefore treat this fact as proved, even though no evidence was brought out on the point.  As with any fact, however, the final decision whether or not to accept it is for you to make and you are not required to agree with me.


**Defendant's Proposed Jury Instruction No. 31**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source: 8th Circuit Model Jury Instructions 2.04*

**DEMONSTRATIVE SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

**Defendant's Proposed Jury Instruction No. 32**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: 8th Circuit Model Jury Instructions 4.11*

**DEFENDANT'S PRIOR SIMILAR ACTS -**

**Where Introduced to Prove an Issue Other Than Identity**

**(Fed. R. Evid. 404(b))**


You [are about to hear] [have heard] evidence that the defendant, Scott DeMuth, (describe evidence the jury is about to hear or has heard).  You may consider this evidence only if you (unanimously) find it is more likely true than not true.  This is a lower standard than proof beyond a reasonable doubt.  If you find that this evidence is more likely true than not true, you may consider it to help you decide (describe purpose under 404(b) for which evidence has been admitted.)[1]  You should give it the weight and value you believe it is entitled to receive.  If you find that it is not more likely true than not true, then you shall disregard it.

(Optional) Remember, even if you find that the defendant Scott DeMuth may have committed [a] similar [act] [acts] in the past, this is not evidence that he committed such an act in this case.  You may not convict a person simply because you believe he may have committed similar acts in the past.  The defendant Scott DeMuth is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issue of (state proper purpose under 404(b), e.g., intent, knowledge, motive.)

**Defendant's Proposed Jury Instruction No. 33**

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: 8th Circuit Model Jury Instructions 2.08*

**DEFENDANT'S PRIOR SIMILAR ACTS -**

**Where Introduced to Prove Identity**

**(Fed. R. Evid. 404(b))**

You [are about to hear] [have heard] evidence that the defendant Scott DeMuth previously committed [an act] [acts] similar to [the one] [those] charged in this case.  You may use this evidence to help you decide [manner in which the evidence will be used to prove identity - e.g., whether the similarity between the acts previously committed and the one charged in this case suggests that the same person committed all of them.

If you find that the evidence of other acts is not proven by the greater weight of the evidence, then you shall disregard such evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  This is a lower standard than proof beyond a reasonable doubt.

The defendant Scott DeMuth is on trial for the crime charged and for that crime alone. You may not convict a person simply because you believe he may have committed some act, even bad act, in the past.

**Defendant's Proposed Jury Instruction No. 34**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: 8th Circuit Model Jury Instructions 2.09*

You have heard testimony that the defendant Scott DeMuth refused to testify before a grand jury.  While the prosecution contends that this is evidence of guilty knowledge there may be other reasons for his refusal to testify and you are entitled to decide what weight, if any, to give to this evidence.

**Defendant's Proposed Jury Instruction No. 35**

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: 8th Circuit Model Jury Instructions 2.09*

**AMOUNT OF LOSS**

If you find that the government has proven each and every one of the elements of the offense as I have just outlined them to you, beyond a reasonable doubt, then you must go on to determine whether the government has proven beyond a reasonable doubt that, in the course of committing the offenses, any person in the conspiracy actually caused economic damage in excess of $10,000.00, or whether, in the course of committing the offense, any person in the conspiracy actually caused economic damage not exceeding $10,000.00.

**Defendant's Proposed Jury Instruction No. 36**

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: AEPA, 18 U.S.C. § 43*(b)(2)

Respectfully submitted,

Dated: August 31, 2010

/s/ Michael E. Deutsch

Michael E. Deutsch
Attorney at Law
1180 N. Milwaukee
Chicago, IL 60642
773-235-0070