IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT RYAN DEMUTH )<br>Defendant. ) | <br><br><br><br>No. 3:09-cr-0117-JAJ<br><br>MOTION TO PRECLUDE ALL<br>PROPOSED 404 (B) EVIDENCE<br>FOR FAILURE TO COMPLY WITH<br>RULE 404 (B) |

Now comes the defendant by his undersigned counsel and respectfully moves that this Court Order that the failure of the prosecution to timely and properly comply with the Notice requirements of Rule 404 (B) as it applies to the second superceding indictment, preclude the government from putting on any 404 (B) evidence in its case-in chief. In support of this motion the defendant states the following:

1. On April 9, 2010, pursuant to an Order of Magistrate Shields to granting the defendant's request for the prosecution to provide notice under 404(B), the prosecution filed a motion entitled "Notice of Intent to Offer Evidence of Crimes, Wrongs and Bad Acts Associated with Defendant."

2. This notice failed to cite to Rule 404 (B), nor did it apprise the defense of the specific basis under 404 (B), or any other rule, which would allow the admission of such evidence.

3. The "notice" enumerated 4 separate "acts which the government was seeking to admit in its case against the defendant: the animal release at Lakeside Ferrets, the defendant's refusal to testify, and two incidents at the Alliant Techsystems (ATK).

4. The "notice" failed to cite the basis for admission under 404 (B), *i.e.*, motive, opportunity, intent, preparation, plan, knowledge, *etc.* and was insufficient and did not satisfy the requirements of the Rule.

5. Further, on April 23, 2010, the government returned a second superceding indictment in which one of the "acts "specified in the prosecution's "notice was now included in the indictment.

6. The prosecution has never filed an amended "notice," nor has it at anytime provided the defense with any basis for its claim that these "acts" were admissible at trial under the prior indictment.

7. Given the failure of the prosecution to update its "notice" so it applies to the indictment now the subject of the imminent trial, and the continuing failure of the prosecution to provide any basis for its right to admit these other acts, this Court should preclude the government from introducing these acts delineated In the notice under the prior indictment.

Wherefore the, defendant respectfully request that this Court Order that the government be precluded from admitting any other "acts" under Rule 404 (B) for its failure to comply with the Rule and the prior orders of this Court.

                                              Respectfully submitted,

Dated: September 1, 2010                    /s/ Michael E. Deutsch
                                              Michael E. Deutsch
                                              Attorney at Law
                                              1180 N. Milwaukee Ave.
                                              Chicago, IL 60642
                                              773-235-0070

To: Clifford R. Cronk III
    U.S. Attorney's Office

     Please take notice that, counsel for Scott DeMuth electronically filed on September 1, 2010, Motionto preclude 404 (B) evidence, on behalf of defendant Scott DeMuth.

                                        /s/Michael E. Deutsch
                                        Michael E. Deutsch
                                        Attorney for Scott Demuth
                                        1180 N. Milwaukee Ave.
                                        Chicago Illinois, 60622
                                        773-235-0070