IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-0117-JAJ |
| | ) | |
| SCOTT RYAN DEMUTH | ) | TRIAL BRIEF |
| Defendant. | ) | |

Pursuant to Order of this Court, the defendant Scott DeMuth submits the

following trial brief containing issues that are necessary to resolve prior to or at the trial

of this case:

**Introduction**

Combining two disparate acts – the Spence Lab break-in in Iowa and the animal

release action in Minnesota - separated by almost two years in time and hundreds of

miles, the Government's second superceding indictment charges a single conspiracy to

violate the Animal Enterprise Protection Act (AEPA).  The only connection between

these two acts is an anonymous communiqué by unidentified people claiming credit for

these actions by the Animal Liberation Front (ALF) and the government's claim of the

defendant's involvement.  By the government's own account however, the ALF is a

decentralized group of unknown activists that operate entirely autonomously from each

other with no command or organizational structure and no direction from any centralized

leadership.

The second superceding indictment itself fails to apprise Mr. DeMuth of what acts or actions – planning meetings, conversations, etc. - he took which support the conspiracy charged and a motion to dismiss on this issue is still pending.  There are no other co-conspirators charged or even identified in the indictment, no evidence, (as conceded in the government's answer to a bill of particulars) of conversations or meetings between Mr. DeMuth and unidentified co-conspirators, and no physical evidence tying Mr. DeMuth to either the Iowa Spence Lab break-in or the Minnesota fur farm animal release.

Indeed, without having been provided a witness list or *Jencks* material, it nonetheless appears that the conspiracy case against Mr. DeMuth is based almost entirely on his political beliefs, as expressed in his personal journal, his MySpace messages and the books, magazines and other written materials seized from his bedroom and found on his seized computer.  Further, the government seeks to shore up an obviously questionable case with purported 404(b)[1] evidence of Mr. DeMuth's politically, and professionally based refusal to testify before a grand jury, a political act of civil disobedience trespass protesting the offices of a munitions producer, and another act directed at the munitions maker for which there is not even a scintilla of evidence that Mr. DeMuth was involved.

The defendant has filed several motions in *limine* to prevent the defendant's political beliefs from being an issue in this case, to preclude any 404(b) evidence, the testimony of an expert as to the approximate height as shown in a video, and any reference to the Republican National Convention Welcoming Committee (RNCWC). The prosecution also seeks to preclude the expert testimony of two defense witnesses to

---

[1] The government has failed to provide timely notice of the 404(b) evidence it seeks to admit or the basis for its admission.  (A motion is pending on this issue.)

explain the basis for the defendant's refusal to testify before the grand jury including the defendant's assertion of sociological research confidentiality

**Issues to be Decided**

Consequently, the trial of this cause raises the following significant legal issues which must be resolved:

a. Does the second superceding indictment sufficiently provide notice to the defendant of the actions and acts which constitute the charged conspiracy against him?

b. Was the defendant's journal legally seized from his bedroom under the plain view doctrine?

c. Was the seizure and search of the defendant's computer by the FBI a violation of the defendant's Fourth Amendment rights?

d. Did the government have the right to subpoena the defendant's MySpace messages?

e. Under the principles of *Daubert* is the testimony of an FBI agent as to the approximate height of the people in a video of the Iowa break-in probative evidence that will assist the jury?

f. Does the failure of the prosecution to provide proper 404(b) notice under the second superceding indictment preclude it from seeking the admission of any 404(b) evidence?

g. If not, is the government permitted under 404(b) to introduce his grand jury refusal, his trespass conviction at Alliant Techsystems, and a separate incident of vandalism at Alliant for which the perpetrators are unknown?

h.     Should the expert testimony of Professor David Pellow and Attorney Robert Boyle be precluded?

i.     Should the government be permitted to put in evidence of the defendant's political beliefs and writings?

j.     Should the government be permitted to brand the defendant an "anarchist" or introduce books and other literature found in the defendant's bedroom or on his computer as evidence in support of the conspiracy charged?

k.     Should the government be allowed to inject the activities of the RNCWC in the trial of this case?

l.     Is the defendant entitled to have his proposed First Amendment jury instructions and his single vs. multiple jury instructions tendered to the jury?

m.     The defense reserves the right to raise additional issues as they become known to the defense.

Respectfully submitted,

Dated: September 7, 2010

/s/ Michael E. Deutsch
Michael E. Deutsch
Attorney at Law
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

To: Clifford R. Cronk III
    U.S. Attorney's Office

Please take notice that, counsel for Scott DeMuth electronically filed on September 7, 2010, TRIAL BRIEF on behalf of defendant Scott DeMuth.

/s/Michael E. Deutsch
Michael E. Deutsch
Attorney for Scott Demuth
1180 N. Milwaukee Ave.
Chicago Illinois, 60622
773-235-0070