IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT RYAN DEMUTH )<br>)<br>Defendant. ) | No. 3:09-cr-0117-JAJ<br><br>OBJECTIONS TO PRELIMINARY<br>JURY INSTRUCTIONS |

Pursuant to the Court's directive, the defendant Scott DeMuth submits the following comments and objections to the Court's preliminary jury instructions:

1. The defense objects to the Court's the repeated use of the word "violence" to define the charges against the defendant.

2. The defendant is charged under the 2002 version of the Animal Enterprise Protection Act (AEPA). The statute defines the offense as "Whoever (1) travels in interstate or foreign commerce, or uses or causes to be used the mail or any facility in interstate or foreign commerce for the purpose of causing physical disruption to the functioning of an animal enterprise; and (2) intentionally damages or causes the loss of any property (including animals or records) used by the animal enterprise, or conspires to do so shall be punished as provided for in subsection (b)." See e.g., *United States v. Fullmer*, 584 F.3d 132 (3rd Cir 2009).

3. Neither the statute nor the indictment[1] in this case uses the word "violence" in relation to the charges alleged against the defendant. To repeatedly interject the word "violence" in the Court's preliminary instructions when it is not an element of the offense as defined by the statute or alleged in the indictment is prejudicial and improper.

4. Consequently, the defense proposes that the word "violence" be removed from preliminary Instruction No.1 where it states that, "[t]he defendant is charged with conspiracy to engage in violence involving animal enterprises, which is set forth in what is called an Indictment." Rather the instruction should read that "the defendant is charged with conspiracy to physically disrupt and intentionally damage two animal enterprises."

5. Further, the defense proposes that the word "violence" be removed from preliminary Instruction No. 2 in the heading which reads, "<u>COUNT 1: Conspiracy to engage in violence involving animal enterprises,</u>" and in the first statement of the element of the offense, and in the final paragraph of the instruction. Rather, the words "physically disrupt" and "intentionally damage" should be substituted for the word "violence."

6. The defendant also objects to the italicized language in Instruction 2 page 4 in which it states under *Three,* "including but not limited to, the Spence Laboratories at the University of Iowa, and Lakeside Ferrets, Inc in Minnesota, *or any property or person or entity having a connection to,*

---

[1] The indictment states in relevant part that "SCOTT RYAN DEMUTH, did knowingly and intentionally conspire with persons known and unknown . . . . For the purpose of causing and attempting to cause physical disruption to the functioning of animal enterprises . . . . to intentionally damage and cause the loss of property, including, but not limited to, animals, computers and records, used by the animal enterprises, and cause economic damage to the animal enterprises in an amount exceeding $10,000."

*relationship with, or transaction with an animal enterprise.*" The government has conceded that it has no evidence of the defendant's involvement in any other animal enterprise disruption than the two specifically enumerated in the indictment and that it does not intend to introduce any evidence of any such involvement. The defense has requested that an Order *in limine* be entered precluding the government from mentioning any other animal enterprise disruption as it would be irrelevant and highly prejudicial. Similarly, to mention such other disruptions not involving the defendant in the preliminary jury instructions would also be irrelevant and prejudicial. Wherefore, the defense objects to such language and moves that it be excluded from the preliminary instructions.

Respectfully submitted,

Dated: September 8, 2010

/s/ Michael E. Deutsch
Michael E. Deutsch
Attorney at Law
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

To: Clifford R. Cronk III
U.S. Attorney's Office

Please take notice that, counsel for Scott DeMuth electronically filed on September 7, 2010, Objections to Preliminary Jury Instructions on behalf of defendant Scott DeMuth.

/s/Michael E. Deutsch
Michael E. Deutsch
Attorney for Scott Demuth
1180 N. Milwaukee Ave.
Chicago Illinois, 60622
773-235-0070