IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RYAN DEMUTH,<br><br>Defendant. | No. 3:09-cr-0117-JAJ<br><br><br>**ORDER** |

This matter comes before the Court pursuant to Defendant's motion to preclude all proposed 404(b) evidence for failure to comply with the rule's notice requirement. [Dkt. No. 158]  For the reasons set forth below, the Court denies Defendant's motion.

Federal Rule of Evidence 404(b) provides for the admission of evidence of other crimes, wrongs or acts committed by the defendant for purposes other than to show "action in conformity therewith." Fed. R. Evid. 404(b).  These other purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.  Rule 404(b) also requires the prosecution in a criminal trial to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Id.  As noted by the Eighth Circuit, the notice requirement is "a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts" U.S. v. Robinson, 110 F.3d 1320, 1326 (8th Cir. 1997) (quoting Fed. R. Evid. 404 advisory committee's note).

Defendant argues that the government's failure to "apprise the defense of the specific basis under [404(b)]" constitutes a failure to provide reasonable notice.  The Court disagrees.  Defendant has not cited, and the Court has not found, a single case interpreting Rule 404(b) to require notification of the specific basis upon which the government intends

1

to offer its evidence.  In fact, where a defendant sought specific information regarding the government's proposed 404(b) evidence, including the issues to which the government believed such evidence would be relevant, a court held that the defendant's request was "clearly beyond the scope of disclosure required by Rule 404(b)."  U.S. v. Rusin, 889 F.Supp. 1035, 1036 (N.D. Ill. 1995).  Similarly here, Defendant's request, that the government explain the specific grounds qualifying its evidence under 404(b), exceeds the government's obligation under the Rule.  The government complied with the notice requirement by specifically listing the prior crimes it seeks to offer at trial.  This was sufficient to apprise the Defendant of the general nature of the evidence.

Upon the foregoing,

**IT IS ORDERED** that defendant's motion to preclude the government's evidence offered under Federal Rule of Evidence 404(b) [Dkt. No. 158] is denied.

**DATED** this 10th day of September, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA