IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:09-cr-117 |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| SCOTT RYAN DEMUTH, | ) | (Rule 11(c)(1)(C)) |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the defendant, Scott Ryan Demuth, with his attorneys, Michael Edward Deutsch and Barbara Ann Nimis, as follows:

## A. CHARGES

1. *Subject Offense.* The defendant will waive venue and plead guilty to a lesser included offense charged in Count 1, that is, Conspiracy to commit animal enterprise terrorism, a violation of Title 18, United States Code, Sections 43(a) and 43(b)(1). Specifically, the defendant will admit that he conspired to disrupt and damage the Lakeside Ferrets, Inc., an animal enterprise. The parties agree that the economic damage caused by the defendant in connection with the Lakeside Feerets, Inc., did not exceed $10,000.00.

## B. CONSEQUENCES OF PLEA

2. *Maximum Punishment.* The lesser included offense in Count 1 is a Class B misdemeanor punishable by a maximum term of imprisonment of six months, a

maximum fine of not more than $5,000.00, or both.  A special assessment of $10.00, and a term of supervised release of up to one year must be imposed by the sentencing court.

## C. SENTENCING CONSIDERATIONS

3. *Rule 11(c)(1)(C).*  This plea agreement is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and both the United States and defendant agree that the court will impose a sentence of 6 months imprisonment.

4. *Right to Withdraw Plea.*  Defendant understands that he may withdraw his guilty plea and from the provisions of this plea agreement only if the Court decides not to accept the binding sentence recommendation.

5. *Evidence at Sentencing.*  The defendant, the defendant's attorney, and the plaintiff's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement.  The parties are free to provide all relevant information to the U. S. Probation Office for use in preparing a presentence report.

6. *Special Assessment.*  The defendant agrees to pay to the United States, through the district court clerk's office, a special assessment of $10.00, as required by Title 18, United States Code, § 3013.  The defendant agrees to make such payment by the time of the sentencing hearing.

## E. GENERAL MATTERS

7. *Voluntariness of Plea.* The defendant acknowledges voluntarily entering into

this plea agreement, and the defendant is pleading guilty because he is guilty.  The

defendant further acknowledges entering into this agreement without reliance upon

any discussions between the United States and himself (other than those described in

this plea agreement), without promise of benefit of any kind (other than any conces-

sions contained in this plea agreement), and without threats, force, intimidation, or

coercion of any kind.  The defendant further acknowledges understanding the nature of

the offenses to which he is pleading guilty, including the penalties provided by law.

8. *Waiver of Rights.*  In connection with the defendant's plea of guilty pursuant to

this agreement, the defendant acknowledges that he has been informed of, and

understands, the following:

    a.  the right of the United States, in a prosecution for perjury or false
        statement, to use against the defendant any statement that the
        defendant gives under oath;

    b.  the right to plead not guilty, and to persist in that plea;

    c.  the right to a jury trial;

    d.  the right to be represented by counsel – and if necessary to have the
        court appoint counsel – at trial and at every other stage of the
        proceeding;

    e.  the right at trial to confront and cross-examine adverse witnesses,
        to be protected from compelled self-incrimination, to testify and
        present evidence, and to compel the attendance of witnesses; and

    f.  the defendant will have waived these trial rights upon the District
        Court's acceptance of the defendant's plea of guilty.

9. *Limited Scope of Agreement.* This agreement does not limit, in any way, the right

or ability of the government to investigate or prosecute the defendant for crimes

occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

10. *Entire Agreement.* This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents. Any changes to the plea agreement must be in writing and signed by the parties.

11. *Factual Stipulations.* The parties stipulate and agree that the facts contained in Attachment A (Stipulation of Facts) are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by defendant pursuant to the plea agreement, and for purposes of sentencing.

12. *Venue.* Defendant waives any objection to the venue of the subject charge and the prosecution of this offense being in the Southern District of Iowa. Defendant understands that the offense of conspiracy can be prosecuted in the Southern District of Iowa and that the charge arose in the District of Minnesota. Defendant is waiving any objection to venue in order to receive the benefit of the plea agreement.

13. *Public Interest.* The Plaintiff and Defendant state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

-4-

14. *Execution/Effective Date.* This agreement does not become valid and binding until the Plea Agreement, the Attachment A (Stipulation of Facts), and a Statement by Defendant in Advance of Plea of Guilty are executed by each of the parties and their counsel shown below, and the original documents or copies are received at the United States Attorney's Office, United States Courthouse, Suite 310, 131 East Fourth Street, Davenport, Iowa 52801, (563) 449-5433 (fax). The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its acceptance and execution and receipt of the documents at the United States Attorney's Office.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

9-13-10
Date

Scott Ryan Demuth
Defendant

9/13/10
Date

Michael Edward Deutsch
Attorney for Defendant
1180 N. Milwaukee Avenue
Chicago, IL 60642
Tel: (773) 235-0070
Email: michaeled45@gmail.com

9-13-2010
Date

Barbara Ann Nimis
Attorney for Defendant
350 River Road
P.O. Box 50812
Mendota, MN 55150
Tel: (651) 452-1474
Fax: 651-454-6751
Email: bnimis@yahoo.com


United States of America

Nicholas A. Klinefeldt
United States Attorney

9/13/2010
Date

By:   Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa  52801
Tel: (563) 449-5432
Fax: (563) 449-5433
email: cliff.cronk@usdoj.gov

## ATTACHMENT A
## STIPULATION OF FACTS

1. In 2006, Eugene Latzig owned and operated Lakeside Ferrets, Inc., a business located in Howard Lake, Minnesota that breeds ferrets and sells them to pet stores. At about 6:30 p.m. on April 28, 2006, he checked his ferret cages and housing units and they were fine. Then at 7:00 a.m. the following morning, he checked and found that ferrets had been let out of their cages and were running around loose. Latzig found several holes cut in the perimeter fence around the housing units. Several breeding cards, used to record activity in each cage, had been removed and torn up. When he retrieved his net to recapture ferrets he found that it had been cut and rendered useless.

2. Investigation by deputies in Wright County, Minnesota revealed evidence of tracks in the woods and multiple sets of footprints were clearly visible. In early May of 2006, a communique' was issued by ALF taking responsibility for the crime.

3. A search of Demuth's hard-drive revealed that on March 29, 2006, there were searches of animal enterprises in Minnesota and Utah utilizing Google Earth. One site is the Latzig Ferret Farm in Howard Lake, MN, which was downloaded and labeled Latzig Mink Farm. Also, the A.L.F. communique from the Latzig attack was on Demuth's computer.

4. The defendant, Scott Ryan Demuth, admits that he conspired with other persons to use the internet, a facility in interstate commerce, for the purpose of causing physical disruption to the functioning of Lakeside Ferrets, Inc, an animal enterprise and did intentional damage and cause the loss of property including animals and records used by the animal enterprise.

5. Defendant certifies that the facts set forth above are true and accurate to the best of his knowledge.

9-13-10
Date

Scott Ryan Demuth
Defendant

9/13/10
Date

Michael Edward Deutsch
Attorney for Defendant

9|13|2010
Date

Barbara Ann Nimis
Attorney for Defendant

9/13/2010
Date

Clifford R. Cronk III
Assistant U.S. Attorney